RECEIVED-CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

2009 OCT 13 P 5:05

---

STEVEN DAMBROWSKI,

    Plaintiff

vs.

RETRIEVAL-MASTERS CREDITORS BUREAU, INC. d/b/a AMERICAN MEDICAL COLLECTION AGENCY,

    Defendant.

Case Number

CIVIL COMPLAINT

JURY TRIAL DEMANDED

---

## COMPLAINT AND JURY DEMAND

    **COMES NOW**, Plaintiff, Steven Dambrowski, pro se, complaining of Defendant and respectfully aver as follows:

### I. INTRODUCTORY STATEMENT

    1. Plaintiff, Steven. Dambrowski, (hereinafter "Plaintiff") is a natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereafter the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

    2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and U.S.C. §1377.

    3. Venue in this District is proper as all relevant events took place here.

### III. PARTIES

    4. Plaintiff Steven Dambrowski is an adult individual and citizen of the State of New

Jersey who resides at 436 Berlin Road, Clementon, NJ 08021.

5. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. Defendant RETRIEVAL-MASTERS CREDITORS BUREAU, INC. d/b/a AMERICAN MEDICAL COLLECTION AGENCY, (hereafter "AMCA") is a business entity that regularly conducts business in New Jersey, and which has a principal place of business located at 2269 S. Saw Mill River Road, Bldg 3, Elmsford, NY, 10523.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. On or about September 24, 2008 Defendant sent a collection notice to Plaintiff in an attempt to collect an alleged debt owed to Quest Diagnostics Incorporated for the amount of $294.59. A copy of the notice is appended hereto and marked **"EXHIBIT A"**.

9. The aforementioned notice notified Plaintiff of his right to request validation within 30 days.

10. Plaintiff exercised his right to dispute the alleged debt and requested validation by sending Defendant a letter dated September 27, 2008 via certified mail. A copy of Plaintiff's request for validation is appended hereto and marked **"EXHIBIT B"**.

11. On or about October 13, 2008 Defendant sent a second collection notice to Plaintiff in an attempt to collect the alleged debt. A copy of the notice is appended hereto and marked **"EXHIBIT C"**.

12. Defendant's second notice contains near the top of the page inside a bolded, black

box: **SERIOUSLY PAST DUE** and states, in part, "We must assume that you do not dispute the debt in question and your account has been classified as a valid and undisputed debt and subject to collection in full.".

13. Defendant's second notice then states: "Your deadline for payment in full is 10/27/08. If we do not receive payment by the above date, we will pursue collections. We urge you to take care of this matter promptly. You may call us at the telephone number above if you have any questions. Otherwise, please mail your payment today with the bottom portion of this letter."

14. Even if Plaintiff received the initial demand letter the day after the date on the letter, the thirty-day validation period would not have expired until October 25, 2009.

15. Defendant's second notice demanded payment from Plaintiff "today", which was during the validation period, thus overshadowing the Plaintiff's right to dispute the alleged debt within thirty days of receipt of Defendant's initial demand notice.

16. On October 20, 2008 Defendant sent a letter to Plaintiff informing him that the account with Defendant would be closed and all collection activity would cease.

17. The back of the envelope used to mail Defendant's letter has clearly printed on it: American Medical Collection Agency and their address in bold lettering. A copy of envelope is appended hereto and marked **"EXHIBIT D"**.

18. On or about October 16, 2008, 2008 Defendant sent a collection notice to Plaintiff in an attempt to collect an alleged debt owed to Quest Diagnostics Incorporated for the amount of $145.38. A copy of the notice is appended hereto and marked **"EXHIBIT E"**.

19. The aforementioned notice notified Plaintiff of his right to request validation within 30 days.

20. Plaintiff exercised his right to dispute the alleged debt and requested validation by sending Defendant a letter dated October 21, 2008 via certified mail. A copy of Plaintiff's

request for validation is appended hereto and marked **"EXHIBIT F"**.

21. On or about November 10, 2008 Defendant sent a second collection notice to Plaintiff in an attempt to collect an alleged debt. A copy of the notice is appended hereto and marked **"EXHIBIT G"**.

22. Defendant's second notice contains near the top of the page inside a bolded, black box: **SERIOUSLY PAST DUE** and states, in part, "We must assume that you do not dispute the debt in question and your account has been classified as a valid and undisputed debt and subject to collection in full.".

23. Defendant's second notice then states: "Your deadline for payment in full is 11/24/08. If we do not receive payment by the above date, we will pursue collections. We urge you to take care of this matter promptly. You may call us at the telephone number above if you have any questions. Otherwise, please mail your payment today with the bottom portion of this letter."

24. Even if Plaintiff received the initial demand letter the day after the date on the letter, the thirty-day validation period would not have expired until November 17, 2009.

25. Defendant's second notice demanded payment from Plaintiff "today", which was during the validation period, thus overshadowing the Plaintiff's right to dispute the alleged debt within thirty days of receipt of Defendant's initial demand notice.

26. Defendant's second notice demanding payment from Plaintiff stated that no response was received from their previous notice, when in fact Plaintiff's validation request was received by Defendant on October 31, 2008. A copy of the certified mail return receipt card is appended hereto and marked **"EXHIBIT H"**

27. Defendant blatantly disregarded that request and continued its collection attempts by calling the Plaintiff's home numerous times, including but not limited to on 4/28/2009 at

8:27pm, 5/7/2009 at 6:17pm, and 5/14/2009 at 8:13pm.

28. Defendant was required to cease all further collection activity of the alleged debt until such time that the debt could be validated, and thus violated the FDCPA.

29. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

30. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

31. At all times pertinent hereto, Defendant was acting by and through it's agents, servants, and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

32. At all times pertinent hereto, the conduct of Defendant as well as it's agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent, and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

33. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, physical, emotional, and mental pain and anguish.

## COUNT ONE – FDCPA

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendant was attempting to collect an alleged debt

which was incurred by Plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. §1692a(5).

36. Defendant's violations of the FDCPA include, but are not limited to:

A. using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §1692e and e(10);

B. threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e(5);

C. assuming the debt is valid prior to the expiration of the validation period required by 15 U.S.C. §1692g(a)(3) in violation thereof;

D. contradicting and/or overshadowing the consumer's right to dispute the alleged debt within thirty days of receipt the language required by 15 U.S.C. §1692g(a) in violation of 15 U.S.C. §1692g(a); and

E. using their full business name on the envelope, thus communicating that the contents of the communication relates to the collection of a debt, in violation of 15 U.S.C. §1692b(5).

**WHEREFORE,** Plaintiff respectfully request that this court enter judgment in his favor against Defendant, American Medical Collection Agency and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

 e. Such addition and further relief as may be appropriate or that the interest of justice require.

## V. JURY DEMAND

Plaintiff hereby demand a jury trial as to all issues herein.

Respectfully submitted,

Date: October 13, 2009

*[signature]*
Steven Dambrowski, Pro Se
436 Berlin Road
Clementon, NJ 08021
(856) 679-2026